# EXHIBIT A



| Judicial Links | | eFiling | | Help | | Contact Us | | Print | GrantedPublicAccess  Logoff JTCHAR2015 |

**2211-CC00360 - LUIS WEGER V CUSHMAN AND WAKEFIELD US ET AL (E-CASE)**

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**05/09/2022**  ☐ **Corporation Served**
Document ID - 22-SMCC-764; Served To - CUSHMAN AND WAKEFIELD U.S., INC.; Server - ST LOUIS COUNTY SHERIFF; Served Date - 06-MAY-22; Served Time - 09:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO CUSHMAN AND WAKEFIELD US INC VIA LCW-D GARCIA, INTAKE SPECIALIST

☐ **Notice of Service**
22-SMCC-764; Electronic Filing Certificate of Service.

☐ **Corporation Served**
Document ID - 22-SMCC-765; Served To - MASTERCARD INTERNATIONAL INC; Server - ST LOUIS COUNTY SHERIFF; Served Date - 06-MAY-22; Served Time - 02:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SERVED TO MASTRCARD INTERNATIONAL INC C/O LCW, D GARCIA, INTAKE SPECIALIST

☐ **Notice of Service**
22-SMCC-765; Electronic Filing Certificate of Service.

**04/20/2022**  ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-765, for MASTERCARD INTERNATIONAL INC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. EPH

☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-764, for CUSHMAN AND WAKEFIELD U.S., INC..

**04/19/2022**  ☐ **Filing Info Sheet eFiling**
**Filed By:** JEFFREY DAVID HACKNEY

☐ **Pet Filed in Circuit Ct**
Petition for Damages.
**Filed By:** JEFFREY DAVID HACKNEY
**On Behalf Of:** LUIS WEGER

☐ **Judge Assigned**

---

Case.net Version 5.14.51        Return to Top of Page        Released 05/11/2022



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DEBORAH JEAN ALESSI | Case Number: 2211-CC00360 |
|---|---|
| Plaintiff/Petitioner:<br>LUIS WEGER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO  63141 |
| Defendant/Respondent:<br> CUSHMAN AND WAKEFIELD U.S., INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:**  CUSHMAN AND WAKEFIELD U.S., INC.
**Alias:**
**120 S. CENTRAL AVE.**
**CLAYTON, MO  63105**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/20/2022_____                  _____/S/  Cheryl Crowder_____
Date                                                      Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____   _____
                                       Date                                       Notary Public

**Sheriff's Fees, if applicable**
Summons            $_____
Non Est               $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $____10.00_____
Mileage               $_____ (_____ miles @ $._____ per mile)
**Total**                 $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DEBORAH JEAN ALESSI | Case Number: 2211-CC00360 |
|---|---|
| Plaintiff/Petitioner:<br>LUIS WEGER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO  63141 |
| Defendant/Respondent:<br> CUSHMAN AND WAKEFIELD U.S., INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** MASTERCARD INTERNATIONAL INC
**Alias:**

R/A CT CORPORATION SYSTEM
120 SOUTH CLAYTON AVE
CLAYTON, MO  63105

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

4/20/2022                          /S/  Cheryl Crowder
Date                                 Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                        Date                         Notary Public

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $     10.00
Mileage              $_____ (_____ miles @ $._____ per mile)
**Total**            $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division: DEBORAH JEAN ALESSI | Case Number: 2211-CC00360 |
|---|---|
| Plaintiff/Petitioner: LUIS WEGER | Plaintiff's/Petitioner's Attorney/Address JEFFREY DAVID HACKNEY 2 CITY PLACE SUITE 200 CREVE COEUR, MO 63141 |
| vs. Defendant/Respondent: CUSHMAN AND WAKEFIELD U.S., INC. | Court Address: 300 N 2nd STREET SAINT CHARLES, MO 63301 |
| Nature of Suit: CC Other Miscellaneous Actions | (Date File Stamp) |

SB 500

## Summons in Civil Case

**The State of Missouri to:** MASTERCARD INTERNATIONAL INC
Alias:

R/A CT CORPORATION SYSTEM
120 SOUTH CLAYTON AVE
CLAYTON, MO 63105

COURT SEAL OF ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/20/2022_____        /S/ Cheryl Crowder
Date                                    Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and petition to: __LCW – D. GARCIA__ (name) __INTAKE SPECIALIST__ (title)
☐ other: _____

Served at __CT CORPORATION__ (address)
in __St. Louis County__ (County/City of St. Louis), MO, on __MAY - 6 2022__ (date) at __9 AM__ (time).

__Tiffany Moon__
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
                                    Date                          Notary Public

**Sheriff's Fees, if applicable**
Summons                                  $_____
Non Est                                     $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $   10.00
Mileage                                    $_____ ( _____ miles @ $_____ per mile)
Total                                         $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

22-SMCC-4009



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DEBORAH JEAN ALESSI | Case Number: 2211-CC00360 |
|---|---|
| Plaintiff/Petitioner:<br>LUIS WEGER | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO 63141 |
| vs. | |
| Defendant/Respondent:<br>CUSHMAN AND WAKEFIELD U.S., INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

Handwritten: SB  5-20

## Summons in Civil Case

**The State of Missouri to:** CUSHMAN AND WAKEFIELD U.S., INC.
Alias: 30 CT COR

120 S. CENTRAL AVE.
CLAYTON, MO 63105

COURT SEAL OF
ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____4/20/2022_____     _____/S/ Cheryl Crowder_____
        Date                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to LCW – D. GARCIA (name) INTAKE SPECIALIST (title).
☐ other: _____

Served at  CT CORPORATION  (address)
in  St. Louis County  (County/City of St. Louis), MO, on  MAY -6 2022  (date) at  9 AM  (time).

Tiffany Mooney                                         [signature]
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                          Date                Notary Public

**Sheriff's Fees, if applicable**
Summons           $_____
Non Est           $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage           $_____ (_____ miles @ $_____ per mile)
Total             $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Handwritten: 22-SMCC-4008    54-09



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division: DEBORAH JEAN ALESSI | Case Number: 2211-CC00360 |
|---|---|
| Plaintiff/Petitioner: LUIS WEGER | Plaintiff's/Petitioner's Attorney/Address JEFFREY DAVID HACKNEY 2 CITY PLACE SUITE 200 CREVE COEUR, MO 63141 |
| vs. | |
| Defendant/Respondent: CUSHMAN AND WAKEFIELD U.S., INC. | Court Address: 300 N 2nd STREET SAINT CHARLES, MO 63301 |
| Nature of Suit: CC Other Miscellaneous Actions | (Date File Stamp) |

SB
5-20

## Summons in Civil Case

**The State of Missouri to:** CUSHMAN AND WAKEFIELD U.S., INC.
Alias: 30 CT COR

120 S. CENTRAL AVE.
CLAYTON, MO 63105

COURT SEAL OF
ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_4/20/2022_ Date     /S/ Cheryl Crowder Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to **LCW – D. GARCIA** (name) **INTAKE SPECIALIST** (title).
☐ other: _____

Served at **CT CORPORATION** (address)
in **St. Louis County** (County/City of St. Louis), MO, on **MAY - 6 2022** (date) at **9 AM** (time).

_Tiffany Mooney_
Printed Name of Sheriff or Server       Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
                        Date                Notary Public

**Sheriff's Fees, if applicable**
Summons $ _____
Non Est $ _____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage $ _____ ( _____ miles @ $ _____ per mile)
Total $ _____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

22-SMCC-4008      54-09

# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>DEBORAH JEAN ALESSI | Case Number: 2211-CC00360 |
|---|---|
| Plaintiff/Petitioner:<br>LUIS WEGER | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO  63141 |
| vs. | |
| Defendant/Respondent:<br>CUSHMAN AND WAKEFIELD U.S., INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: MASTERCARD INTERNATIONAL INC
Alias:

R/A CT CORPORATION SYSTEM
120 SOUTH CLAYTON AVE
CLAYTON, MO  63105

COURT SEAL OF
ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

____4/20/2022____   ____/S/  Cheryl Crowder____
Date                         Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and petition to:
__LCW – D. GARCIA__ (name) __INTAKE SPECIALIST__ (title)
☐ other: _____

Served at __CT CORPORATION__ (address)
in __St. Louis County__ (County/City of St. Louis), MO, on __MAY - 6 2022__ (date) at __9 AM__ (time).

____Tiffany Moon____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
                              Date                                                  Notary Public

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                        $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $__10.00__
Mileage                                        $_____ ( _____ miles @ $._____ per mile)
Total                                            $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-765   1 of 1 (2211-CC00360)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

2211-CC00360

Electronically Filed - St Charles Circuit Div - April 19, 2022 - 02:02 PM

### IN THE CIRCUIT COURT OF
### ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| LUIS WEGER, | ) |
| Plaintiff | ) Cause No.: |
| v. | ) Division: |
| CUSHMAN & WAKEFIELD U.S., Inc. | ) |
| And | ) |
| MASTERCARD INTERNATIONAL, Inc. | ) |
| Defendants. | ) JURY TRIAL DEMANDED |
| Serve Agents for both Defendants at: CT Corporation System 120 S. Central Ave. Clayton, MO 63105 | ) |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Luis Weger ("Plaintiff" or "Captain Weger"), by and through undersigned counsel, and for his Petition for Damages, states as follows:

**PARTIES AND VENUE**

1. Plaintiff is citizen residing in St. Charles County in the State of Missouri.

2. Defendant Cushman and Wakefield U.S., Inc. ("Cushman") is a foreign corporation duly organized and existing by virtue of law, conducting operations in St. Charles County, Missouri.

3. Defendant Mastercard International ("Mastercard") is a foreign corporation duly organized and existing by virtue of law, with operations in St. Charles County.

4. Both Cushman and Mastercard (collectively, "Defendants") are engaged in interstate commerce.

5. Conduct alleged in this Petition to have violated federal and Missouri law took place in St. Charles County, where Plaintiff was employed by Defendants, and thus venue in the Circuit Court of St. Charles County is proper, pursuant to § 508.010.4 MO Rev. Stat. and other relevant venue provisions.

6. Plaintiff at all times relevant hereto was a member of the United States Army Reserves and is protected from discrimination pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq* as amended (henceforth "USERRA").

7. USERRA provides that a person who belongs to a uniformed service shall not be denied "retention in employment ... or any benefit of employment by an employer on the basis of that membership." 38 U.S.C. § 4311(a).

8. During all relevant times herein, Defendants were operating under and subject to the provisions of USERRA and the relationship of employer and employee existed at all times between Defendants and Plaintiff.

9. Plaintiff demands a trial by jury on all issues so triable in this case.

**FACTS COMMON TO ALL COUNTS**

**Defendants jointly employed Plaintiff**

10. Plaintiff began working for Cushman on March 30, 2020, as a Procurement Manager assigned to the Mastercard account.

11. Mastercard was, at all relevant times, a client of Cushman's.

12. Formally, Plaintiff was an employee of Cushman, but Mastercard—along with Cushman—also exercised control over his essential terms and conditions of employment as a joint employer, including but not limited to hiring, firing, discipline, supervision and direction, as further elaborated upon herein.

2

13. As joint employers, both defendants are subject to the obligations and liabilities imposed by employment statutes and regulations.

14. Cushman and Mastercard had highly interrelated operations & shared control over management and labor relations, as evidenced in part by the fact that after beginning work, Plaintiff was ordered by Cushman to report to Mastercard on a daily basis, despite Cushman being his nominal employer.

15. Cushman and Mastercard had highly interrelated operations & shared control over management, as evidenced in part by agreements between Mastercard & Cushman providing for shared responsibility with regard to employee management and control.

16. Cushman and Mastercard had highly interrelated operations & shared control over management and labor relations, as evidenced in part by Mastercard setting work rules, standards, and locations; providing Plaintiff with Mastercard equipment including a laptop, badge and peripherals; and establishing expectations and deadlines for deliverables.

17. Cushman employees would receive direction directly from Mastercard leadership, many times with minimal intervention by Cushman on-site management.

18. Upon information and belief, Mastercard and Cushman were financially integrated; for example, both companies would benefit from cost-cutting measures with regard to overhead.

19. During the term of his employment, Plaintiff brought up joint-employment concerns to Paula Mangorelli during a dinner with the Mastercard Account leadership team; he expressed to her concerns that Mastercard and Cushman were joint employers because of how much involvement Mastercard had in the day-to-day operations.

20. In a properly managed account, Mastercard would communicate to their Cushman counterparts who would then inform the team on the priorities or initiatives requested.

3

21. However, Plaintiff noted that the Mastercard leadership would instruct Cushman members on what to do, where to sit, and numerous times instructed how to alter documentation to fit Mastercard's preferences.

22. Plaintiff was treated like a Mastercard employee, given Mastercard badges, had Mastercard computers and desks, and had his efforts monitored like a Mastercard employee.

### Plaintiff was an excellent employee

23. During his entire tenure, Plaintiff never had a negative review or performance issue, nor was there any communication from Mastercard or Cushman indicating that his performance was unsatisfactory or in question.

24. To the contrary, Plaintiff contributed considerably in positive ways which can be objectively measured, such as significant cost savings to Mastercard, being critical in providing COVID-19 mitigation supplies to key locations thus enabling the reopening of Mastercard offices around the globe, and having received a strong year-end performance review.

25. Plaintiff continued to perform despite having to contend with Mastercard's sudden demands regarding the sourcing and procurement through minority vendors within an extremely short time frame during early 2021.

### Plaintiff made protected complaints about Defendants' deceptive, irresponsible, and discriminatory business practices

26. Such draconian demands also implicated potential ethical issues regarding deceptive contracting methodologies, which Plaintiff raised to both Mastercard and Cushman executive leadership, making Plaintiff a whistleblower with respect to the Missouri Whistleblower Protection Act, MO Rev. Stat. § 285.575.

4

27. The pressures regarding procurement were likely to result in the selection of unqualified or non-competitively bid providers.

28. Plaintiff raised concerns of policy/ethical violations to both Mastercard and Cushman leadership reflecting his high regard for ethical adherence.

29. With regard to sourcing minority vendors, there were various minority and disadvantaged businesses already available and involved, but Mastercard specifically wanted Black-owned businesses on an aggressive timeline.

30. It became very obvious that Mastercard did not intend to award to anyone other than Black-owned businesses, thus leading to reverse discrimination, fraud upon bidders who were not given a fair chance, and failure to honor shareholder obligations with respect to running the business in the most profitable way possible.

31. When Plaintiff brought this up to Cushman Procurement leadership, Plaintiff was told to be very careful about the language that Plaintiff was using with respect to privileging Black-owned vendors.

32. Plaintiff did not have an issue with adding Black-owned companies, only with very rushed unfair competition that was not in the best interests of the shareholders and would likely lead to awarding contracts to unqualified and/or overpriced bidders, while causing other established and reputable venders to lose time and resources in a futile effort.

33. On a call with both Cushman and Mastercard account leadership, Plaintiff expressed his concern that they were pushing ethical boundaries by inviting non-Black-owned businesses to compete while knowing that Mastercard intended to select Black-owned businesses.

34. Mike Case, the Mastercard Account Executive, told Plaintiff that he "didn't care about (Plaintiff's) principles and that (Plaintiff) needed to *learn to play in the gray*."

5

35. Plaintiff told his leadership that STL is a "small big town" and that he was not going to ruin his reputation that he had built up based on fairness and ethical adherence.

36. In an attempt to satisfy both ethical standards and Mastercard's initiative to support the black-owned community, Plaintiff recommended the use of direct-negotiations, instead of fraudulent bid processes, and other alternative approaches which were rejected.

37. While underqualified and/or overpriced vendors received contracts, other disadvantaged groups were harmed, such as female-owned and minority businesses.

### Defendants discriminated against Plaintiff due to his military service

38. Plaintiff is a Commissioned Officer with a security clearance and was serving as a Company Commander and Master Suicide Intervention Trainer in the Army Reserves and, intermittently, he would be called away for military service commensurate with his obligations as an Officer, Commander and Trainer.

39. Congress has stated its clear public policy of encouraging service in the uniformed services by enacting and expanding USERRA (38 U.S.C. § 4301 et seq as amended).

40. Under 38 U.S.C. § 4301(a), Congress expressly states that the purposes of USERRA are:

    a. "to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service (38 U.S.C. § 4301(a)(1));

    b. to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service (38 U.S.C. § 4301(a)(2)); and

6

      c.   to prohibit discrimination against persons because of their service in the uniformed services (38 U.S.C. § 4301(a)(3))."

41. To the extent possible, Plaintiff continued to work as time permitted in order to complete his civilian tasks and minimize disruption while away on military duty and always managed a smooth transition.

42. There was never any undue disruption in service and attention provided to the customers while Plaintiff fulfilled his legally protected obligations.

43. Plaintiff provided advanced notice of all upcoming periods of military service whenever possible, including sharing his calendar with supervisors and peers.

44. Plaintiff was also extremely diligent about communicating with both Cushman and Mastercard regarding his obligations, including providing a letter from his Brigade Commander dated June 8, 2021.

45. It was only three business days after Plaintiff completed 10 days of military duty (July 11 – 21) in July and just two weeks before his Annual Training obligation in August that Plaintiff was illegally discharged by Defendants, on July 26, 2021.

46. No substantive or performance-related reason whatsoever was given for Plaintiff's termination.

47. Plaintiff was only informed that Mastercard requested his removal and that Mastercard "didn't need to provide a reason" for his dismissal.

48. Cushman cannot knowingly comply with the discriminatory request of a client without themselves discriminating.

49. Other, similarly situated employees who were removed from a project were given more favorable treatment than Plaintiff, who was given virtually no time and no assistance to find an alternative assignment.

50. Plaintiff could have easily been re-assigned to another client by Cushman but it was clear Cushman had no interest in doing so.

51. Finally, the Master Service Agreement in effect between Mastercard and Cushman explicitly provides that Mastercard cannot remove Cushman employees from a project absent "good cause" and further provides 60 days to Cushman to provide a replacement in such an instance; these provisions were not complied with.

52. The financial damages to Plaintiff are severe.

53. Plaintiff's career is now damaged in a significant way, his military command time was compromised, and he has yet to secure comparable employment.

54. Plaintiff has incurred, and will continue to incur, attorney's fees and costs and other damages as a result of the illegal actions of Defendants.

## COUNT I
## VIOLATIONS OF UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT 38 U.S.C. § 4323

**(Against Both Defendants)**

55. Plaintiff incorporates by reference all paragraphs above as though fully set forth herein.

56. Plaintiff's protected status was a motivating factor in Defendants' termination of Plaintiff's employment.

57. Defendants' termination of Plaintiff's employment constituted a violation of the USERRA.

8

58. As a proximate result of Defendants' acts, Plaintiff has in the past and will in the future suffer loss of wages and benefits, loss of earning capacity, and loss of other emoluments of employment.

59. Defendants' actions were intentional and done with reckless disregard for Plaintiff's rights and for causing harm to Plaintiff.  Such conduct should not be tolerated by this society.

60. Defendants' discrimination against Plaintiff due to Plaintiff's uniformed services status is part of a pattern and practice of such discrimination.

WHEREFORE, Plaintiff prays for the following relief:

61. That the Court declare Defendants' conduct complained of herein to be in violation of Plaintiff's rights as secured by USERRA.

62. That the Court grant Plaintiff specific equitable relief including, but not limited to: (1) reinstatement into his position, including seniority, upgrading and other benefits, and further including equitable relief to offset the damage to Plaintiff's reputation; (2) injunctive relief prohibiting the Defendants, their owners, stockholders, officers, management personnel, employees, agents, successors and assigns and those acting in concert therewith from any conduct violating Plaintiff's rights or those of others similarly situated as secured by USERRA; and (3) a mandatory injunction requiring the Defendants to engage in company-wide training and a plan to force the Defendants to review and revise their employment practices, in particular their views on the uniformed service status and military obligations of their workforce.

63. That the Court award Plaintiff economic damages, appropriate past and future lost

earnings and benefits with pre-judgment interest, and other affirmative relief;

64. That the Court award Plaintiff liquidated damages.

65. That the Court award Plaintiff attorney fees, court costs, litigation expenses, and other costs incurred in prosecuting this action.

66. That the Court award Plaintiff expert witness fees.

67. That the Court award Plaintiff such additional and further relief as it deems just and proper.

## COUNT II

### RETALIATION/ILLEGAL DISCHARGE IN VIOLATION OF THE MISSOURI WHISTLEBLOWER PROTECTION ACT, MO. REV. STAT. 285.575

**(Against Both Defendants)**

68. Plaintiff hereby incorporates by reference all preceding Paragraphs.

69. MO Rev. Stat. § 285.575 (the "Act") provides that "it shall be an unlawful employment practice for an employer to discharge an individual defined as a protected person in this section because of that person's status as a protected person."

70. Plaintiff reported serious misconduct to his employer which was in violation of clear mandates of public policy, as articulated by statutes and regulations cited herein, and refused to carry out directions to violate said policy, making him a "protected person" under the Act.

71. Said policy, for the prevention of fraud and dishonest business practices, is articulated in Missouri statutes, including but not limited to Mo Rev. Stat. § 288.395, § 516.120, and § 407.010 *et. seq.*

72. Defendant stepped out of the scope of his defined responsibilities and routine job duties in his complaints.

73. Plaintiff was illegally discharged and retaliated against by Defendant due to his complaints about specific fraud and dishonest business practices being perpetrated by Defendant.

74. Plaintiff's protected activity played a role in the termination and had a determinative influence.

75. Plaintiff's termination was clearly pretextual and illegal.

76. To the extent the Court deems necessary, this Count may be read as in the alternative to Count I.

WHEREFORE, Plaintiff respectfully requests judgment, pursuant to verdict by jury, in his favor in an amount that is fair and reasonable for actual damages, back pay, front pay, liquidated damages, interest on damages, for her attorney's costs and fees, and for such other and further relief to which the Court deems just and proper, in an amount to be determined but in excess of $25,000.

Respectfully Submitted,

 /s/ Jeffrey D. Hackney
Jeffrey D. Hackney
Missouri Bar No. 53158
HKM Employment Attorneys, LLC
7382 Pershing Ave., Suite 1W
St. Louis, Missouri 63130
*Telephone: 314-207-3517*
*E-Mail: jhackney@hkm.com*
**Attorney for Plaintiff**